589 A.2d 1328

**Martha Anne CHAMPION**

v.

**UNITED VIRGINIA BANK t/a Visa, a Corporation.**

**No. 1082, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

May 16, 1991.

Martha Anne Champion, Annapolis, for appellant.

Robert J. Burstein (Ronald S. Canter and Wolpoff and Abramson, on the brief), Bethesda, for appellee.

Argued before BISHOP and ALPERT, JJ., and GARY G. LEASURE, Judge, Specially Assigned.

GARY G. LEASURE, Judge, Specially Assigned.

The appellant, Martha Anne Champion, appeals from an order of the Circuit Court for Anne Arundel County granting summary judgment in favor of appellee, United Virginia Bank, t/a VISA. Through this order a money judgment was entered against her in favor of appellee for $5,883.03 with interest, court costs and attorney fees.

This case began in February, 1986, when the appellee filed suit against the appellant and a co-defendant, Clarence Paul Champion, in the District Court of Maryland for Anne Arundel County. The claim was predicated on an alleged account stated between the parties. Upon appellant's demand for jury trial, the case was transferred to the Circuit Court for Anne Arundel County, Maryland. Thereafter, appellee filed a complaint and motion for summary judgment in the circuit court. This motion was denied due to lack of service on the defendants.

In May, 1988, appellee filed a first amended complaint and renewed its motion for summary judgment. In December, 1989, the motion was once again denied due to lack of proper service on the named defendants. Eventually, proper service of the complaint and motion was made on appel-

lant.[1] Appellant filed *pro se* answers to the complaint and motion for summary judgment as well as an affidavit in opposition to summary judgment. On May 31, 1990, the circuit court granted the motion over appellant's objection and entered the following order.

"ORDERED, that Plaintiff's Motion for Summary Judgment be and the same hereby is granted, and judgment is entered in favor of United Virginia Bank, t/a VISA, A Corporation, Plaintiff against Martha Anne Champion, Defendant in the sum of $5,883.03 with interest at 6% per annum from 11/19/85 until date of judgment and thereafter at 10% per annum, plus court costs and 15% attorney fees of $882.00."

In her appeal the appellant *pro se* contends the trial court erred in granting summary judgment based on the motion, affidavit and exhibits submitted by the appellee. She argues that these pleadings failed to establish that as a matter of law appellant was entitled to the money judgment. This Court agrees and must reverse and remand for the following reasons.

Pursuant to Maryland Rule 2–501 summary judgment shall be entered if the pleadings, depositions, answers to interrogatories, admissions and affidavits show there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law. The Rule further provides that the motion for summary judgment must be supported by affidavit when, as here, it is filed "... before the day on which the adverse party's initial pleading or motion is filed." Md. Rule 2–501(a). To serve this function, the affidavit must contain evidentiary facts, not conclusions, and it should be full, certain and exact. *Wyand v. Patterson Agency, Inc.,* 266 Md. 456, 460, 295 A.2d 773 (1972).

---

1. Apparently service was never effected on the co-defendant, Clarence Paul Champion.

■ In support of its motion for summary judgment, appellee submitted the affidavit of Carol Y. Taylor. This affidavit sets forth the following:

"That the affiant is a duly authorized representative of the Plaintiff, that the Affiant has personal knowledge of the matters set forth herein and is competent to testify hereto.

That the above-named Defendant[s] is justly indebted unto the Plaintiff in the full sum of $5,080.34 with interest thereon above all discounts, as reflected on the attached Exhibits including the interest worksheet, all of which are incorporated by reference herein. That, in compliance with the Soldiers and Sailors Relief Act of 1940 and amendments thereto as of October 6, 1942, affiant states that said Defendant[s] is not now in the military service of any nation allied with the United States, that said Defendant[s] has not been ordered to report for induction under the Selective Training and Service Act of 1940 as amended, and that said Defendant[s] is not a member of the Enlisted Reserve Corps who has been ordered to report for military service. The undersigned affiant does hereby declare and affirm under the penalties of perjury that the contents of this Affidavit are true and correct."

This affidavit does not in and of itself augment the allegations made in appellee's complaint. It simply makes the conclusionary assertion that the appellant is indebted to appellee for a specified principal sum. However, the affidavit is devoid of facts which would substantiate such a conclusion. Nor do the exhibits referenced in the affidavit remedy this deficiency.

The exhibits attached to the affidavit include a credit card statement dated 12/18/85 indicating a balance of $5,080.34, a credit card application, a form captioned "United Virginia Bank Card Disclosure Statement" and an interest worksheet apparently calculated as of 3/21/89. The account statement appears to have been issued in the name of appellant's co-defendant to an address other than that of

the appellant. Appellant's name simply appears in different print above that of the co-defendant. The disclosure statement is a printed form describing terms and conditions for credit card usage. It is undated, unsigned and does not in any manner reference the appellant.

Appellee relies heavily on the exhibit it identifies as a credit card application which purportedly contains appellant's signature as well as the named co-defendant, Paul Champion. Unfortunately for appellee the undated document is an extremely poor copy which is largely indecipherable. The printed terms of the document that appear immediately above the signature are completely illegible and therefore do not establish or define the terms of a credit agreement.

Finally, the interest worksheet filed with the motion sets forth a calculation of prejudgment interest which is different than the sum entered as a money judgment. Appellee explains that a revised interest worksheet was submitted to the trial court together with a proposed order of judgment. Appellee has included this revised worksheet in the appendix to its brief. Nevertheless, this particular document is not part of the trial court's record transmitted to this Court. Nor does the index to the record reflect that this revised interest worksheet was received, filed and/or docketed by the trial court.

It is anticipated that an affidavit which accompanies a motion for summary judgment will augment the allegations made in the complaint by setting forth with particularity and by a person competent to testify "such facts as would be admissible in evidence" which show prima facie that the moving party is entitled to recover as a matter of law. *Brown v. Suburban Cadillac, Inc.,* 260 Md. 251, 254, 272 A.2d 42 (1971). The affidavit submitted by appellee fails to accomplish this purpose and is substantively deficient. It does not establish the exact nature or extent of the contractual relationship between appellant and appellee. The appellee's general allegation of an indebtedness due, without precise facts to support it, establishes no foundation upon

which a summary judgment can rest and we, therefore, reverse the judgment entered by the trial court.

JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS; COSTS TO BE PAID BY APPELLEE.