REEVES *v.* HOWAR, ET AL.

[No. 410, September Term, 1965.]

*Decided September 26, 1966.*

The cause was submitted on the brief to HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

Submitted by *Victor L. Crawford* for appellant.

Submitted by *Henry E. Weil* for appellees.

BARNES, J., delivered the opinion of the Court.

On May 7, 1965, Florane M. Reeves, the plaintiff below and appellant in this Court, filed an action at law in the Circuit Court for Montgomery County against Raymond J. Howar and Elaine Howar, owners of a home in Montgomery County, and against Spotswood I. Quinby, Inc. (the Quinby Corporation), a Maryland corporation engaged in repair work upon the premises, to recover for damages for personal injuries allegedly resulting from the negligence of the defendants in connection with a fall while Mrs. Reeves was walking up the stairs in the premises. The defendants were served with process and the Howars on June 9, 1965 filed a general issue plea. On June 17, 1965 the Quinby Corporation filed a motion for summary judgment, submitted a statement of points and authorities and a supporting affidavit by Spotswood I. Quinby, president of the Quinby Corporation. Mrs. Reeves, by her counsel, submitted a statement of points and authorities in opposition to the

motion for summary judgment on August 13, 1965. The motion for summary judgment was heard by Judge Shook on August 25, 1965, and the motion was granted the same day. Judgment in favor of the Quinby Corporation for costs was entered on August 31, 1965. A timely appeal was taken from this judgment to this Court by Mrs. Reeves.

The motion for summary judgment by the Quinby Corporation recited that it was based on the ground "that there is no genuine dispute between the parties as to any material fact *upon which the Declaration is based,* and that the defendant, Spotswood I. Quinby, Inc., a Corporation, is entitled to *judgment thereon* as a matter of law." (Emphasis supplied.)

The statement of points and authorities filed by the Quinby Corporation asserts two points and five decisions, as follows:

> 1. Before there can be any liability because of negligence, it must appear that the person against whom the claim of negligence is made was under some legal duty or obligation to the person injured and that such duty or obligation was breached or undischarged. *Social Security Administration, Baltimore Federal Credit Union vs. U. S.,* 138 F. Supp. 639; *East Coast Freight Lines vs. Consolidated Gas Electric Light & Power Co. of Baltimore,* 187 Maryland 385.
>
> 2. A contractor owes no duty to the public for which it may be made responsible in an action in tort for negligence if it does not perform its contract, but the duty under its contract is only to one with which the contract is made. *Marlboro Shirt Co. vs. American Dist. Tel. Co.,* 196 Maryland 565; *Southern Maryland Oil Co. vs. Texas Co.,* 203 F. Supp. 449; *Heckrotte vs. Riddle,* 224 Maryland 591.

The affidavit, dated July 21, 1965, was made by Spotswood I. Quinby "president of Spotswood I. Quinby, Inc., a Corporation," and recites:

> "[T]hat on or about May 9, 1962, at the time of the alleged accident, he was not then the owner of the property on which the accident allegedly occurred; that *he* did not know the Plaintiff, Florane M. Reeves,

nor did *he* invite her or consent to her presence on the premises on which the accident is alleged to have occurred; nor was *he* aware of her presence on said premises.

And, the said Spotswood I. Quinby further made oath in due form of law that he is *confident* (*sic*— "competent"?) to testify and that he makes this affidavit on personal knowledge and that the matters and facts hereinbefore set forth are true and *complete* (*sic*—"correct"?)." (Emphasis and matters in parentheses supplied).

Mrs. Reeves in her statement of points and authorities filed in opposition to the motion for summary judgment recited:

1. That the paintiff intends to rely on Section 77-2, Sub-Section 100.11, of the Montgomery County Code, 1960 Edition.

2. That the plaintiff also intends to rely upon the BOCA Code which is incorporated therein as part of the laws of Montgomery County, Maryland, with specific references to Article 6, Section 600, Section 601, Section 618; Article 13, Section 1300, Section 1301, Section 1305, Section 1314, and other sections cited therein in the aforesaid code.

Judge Shook filed no opinion giving reasons for granting the motion for summary judgment and counsel did not move under Maryland Rule 18 c (see also Maryland Rule 564 b 2) to require the Court to file a brief statement of the grounds of the decision.

As Judge Hammond, for the Court, aptly stated in *Baltimore Machine & Equipment, Inc. v. Holtite Manufacturing Co.*, 241 Md. 36, 38, 215 A. 2d 458, 459 (1965): "It is to be regretted that counsel did not act under Maryland Rule 564 b 2, as should always be done if an appeal is likely, and move that the trial court dictate or prepare and file '* * * a brief statement of the grounds for its decision * * *' since we are called on to decide the case on a record which contains no finding of fact and no expression of what * * * [the trial court] felt to be controlling."

See also *Houston v. Lloyd's,* 241 Md. 10, 13-14, 215 A. 2d 192 (1965) in which Judge McWilliams, for the Court, stated: The trial judge "did not state the grounds for his decision nor does it appear that ˙either party filed a motion requiring him to do so. Maryland Rule 18 c. We have observed on a number of occasions [in a note Judge McWilliams cites six prior decisions of the Court of Appeals] that it might be helpful for us to know how or why the trial court reached his (or her) decision. *Counsel ought not to be timid in making use of this rule nor should trial judges be annoyed with counsel for doing so,* for, it will be recalled, the rule [18 c] itself is a relaxation of the former practice which required the trial judges, [except in Baltimore City and Prince George's County] in equity cases, to file an opinion in *every* case in which there was oral or written argument. Md. Code Anno., Art. 16, § 209 (1951). We are satisfied it would be desirable, in most cases, for such a motion to be filed whenever it becomes clear to counsel that an appeal to this Court will be perfected."

See also *Kennedy v. Foley,* 244 Md. 39, 222 A. 2d 623 (1966).

We hope that the Bar will take these admonitions to heart and that the trial courts will, *sua sponte,* file a brief statement of the grounds of decision when an appeal to this Court is likely even though counsel do not file a motion under Maryland Rules 18 c and 564 b 2.

Counsel for Mrs. Reeves suggests in her brief in this Court that the trial court granted the motion for summary judgment on the ground "that there was no duty owed to the general public." Counsel for the Quinby Corporation states in its brief that the trial court based its decision on the ground that Mrs. Reeves "has failed to show a duty owing her by the Appellee."

It is clear to us that no summary judgment should have been entered by the trial court.

Maryland Rule 610 a 1 provides for the entry of summary judgment by a trial court "as to all or any part of the claim on the ground that there is no genuine dispute as to any material fact and that he [the movant] is entitled to judgment as a matter of law." In sub-section a 3, it is provided that the motion for summary judgment *"must* be supported by affidavit

when filed with the pleading asserting the claim *or before the adverse party has filed his initial pleading to it * * *.*" (Emphasis supplied). Sub-section a 4 b provides for the form of affidavit and provides in part as follows:

> "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is *competent* to testify to the matters stated therein." (Emphasis supplied).

There is no provision in the Maryland Rules for judgment on the pleadings, comparable to Federal Rule 12 (c). It is contemplated in Maryland that defects in the pleadings will generally be reached by demurrer. There was no demurrer filed to the declaration in the case at bar.

The affidavit of Mr. Quinby is formally defective on its face as it recites that Mr. Quinby is *"confident* to testify" rather than that he is *competent* to testify as Rule 610 requires. There is much difference between confidence and competence. More importantly, the affidavit is defective even upon the Quinby Corporation's theory of its defense. The fact that Mr. Quinby, himself, as president of the Quinby Corporation, did not know Mrs. Reeves, did not invite her to the premises and was not aware of her presence there, does not exclude the possibility that some other officer or other authorized person representing the corporation might not have invited her to come on the premises, consented to her presence, or have been aware of her presence on the premises. Nor could Mr. Quinby if he were not present on the premises when the accident occurred have sworn on his personal knowledge that other officers or authorized employees were not present and possibly invited Mrs. Reeves on the premises, have been aware of, and have consented to, her presence there.

We have held that in a summary judgment proceeding even where the underlying facts are undisputed, if those facts are *susceptible* of more than one inference, the party against whom the inference was sought to be drawn is entitled to the inference most favorable to such party's contentions. *Roland v. Lloyd E. Mitchell, Inc.,* 221 Md. 11, 14, 155 A. 2d 691, 693

(1959). We cited *Roland* with approval and followed the decision in *Mayor and City Council of Baltimore v. Allied Contractors*, 236 Md. 534, 544, 204 A. 2d 546, 551 (1964).

Not only is the affidavit filed on behalf of the Quinby Corporation defective both in form and substance, but there is at least a bona fide dispute upon the application of the provisions of the Montgomery County Code (which adopts by reference the Building Officials Conference of America, Inc. (BOCA) Basic Code as part of the laws of Montgomery County. There are simply no facts in the record in regard to the contract involved; the nature and degree of completion of the work; the protective devices required, if any, and if required, whether or not they were in place and in what condition; any warnings required, if any, and if required whether or not they were given; and, any evidence in regard to how the accident occurred and the surrounding circumstances. There may be tort cases in which it might possibly be appropriate to grant a summary judgment, but we think it is clear that the case at bar is not one of them. See *Mayor and City Council of Baltimore v. Allied Contractors, supra.*

In our opinion, the decisions of this Court and the federal decisions relied on by the Quinby Corporation in its statement of points and authorities, quoted above, do not indicate that the corporation is entitled to judgment as a matter of law.

The motions for summary judgment should not have been granted and judgment entered for the Quinby Corporation for costs. The case should be remanded so that Quinby Corporation may file appropriate pleadings to the declaration and the case proceed in regular course.

> *Judgment reversed, and cause remanded for further proceedings, the costs to be paid by the appellees.*