## MERCIER *v.* O'NEILL ASSOCIATES, INC.

[No. 148, September Term, 1967.]

*Decided March 18, 1968.*

The cause was argued before HORNEY, MARBURY, McWIL-LIAMS and SINGLEY, JJ. and CHILDS, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*Thomas Penfield Jackson* for appellant.

*John T. Bell,* with whom were *Charles W. Bell* and *Bell & Bell* on the brief, for appellee.

CHILDS, J., delivered the opinion of the Court.

This is an appeal by the defendant-appellant, Mercier, from the granting of a motion for summary judgment by the Circuit Court for Montgomery County in favor of the plaintiff-appellee, O'Neill Associates, Inc.

O'Neill had filed a declaration claiming damages for the failure of Mercier to pay for its services allegedly rendered him in locating employment. Accompanying the declaration and motion for summary judgment were exhibited an application for employment; an agreement signed by Mercier and by M. Reese Mitchell, director of the plaintiff's Search Division; an invoice dated October 29, 1965, wherein plaintiff had billed Fairchild-Hiller for Mercier's placement; an invoice dated December 15, 1965, wherein plaintiff had billed Mercier for the same placement; two of the plaintiff's control cards, one for Fairchild-Hiller and one for Mercier; an affidavit by M. Reese Mitchell; and the affidavit of Frank J. Schmidt, Director of Employee Relations of Fairchild-Hiller.[1]

---

1. The affidavit of M. Reese Mitchell, after reciting his competence to testify to the indebtedness of Mercier in the amount of $1,170 plus interest from December 15, 1965, continued " * * * and the said affidavit did further in like manner make oath that *he* personally arranged interviews for the Defendant with prospective employers, and that he has personal knowledge of the matters and things hereinbefore set forth and that he said are true and correct *to the best of his knowledge and belief;* * * *."* (Emphasis supplied.) Such an affidavit is defective in form and substance. *Reeves v. Howar,* 244 Md. 83, 222 A. 2d 697 (1966). Likewise, the affidavit of Schmidt was based on truth *to the best of his knowledge and belief.* We have consistently ruled that this phraseology is insufficient to sustain a motion for summary judg-

Mercier filed three pleas. The first was a general issue plea, and the second stated his personal belief that O'Neill Associates was not a duly licensed employment agency on September 4, 1965. These two defenses were apparently abandoned on appeal. The third plea contained the allegation that Mercier had, in fact, engaged the appellee to solicit employment for him as an electrical engineer. When the exhibited agreement was submitted to him for his signature he was told by O'Neill's agent that notwithstanding the provisions of the agreement "* * * he would under no circumstances be required to pay a fee to plaintiff for its services, but that plaintiff's compensation, if any, would be sought in accordance with custom and usage with respect to professional employees solely from defendant's prospective employer * * *." He further alleged that the agent advised him that the agreement was merely a registration form. It was with this understanding that he signed.

Thereafter, the plea continued, Mercier was contacted by a representative of Fairchild-Hiller and offered a position which he agreed to accept conditioned upon his being permitted to complete a special project for which he had been engaged by his then employer. Fairchild-Hiller refused to agree to an indefinite starting date, and revoked its offer of employment.

The pleas were accompanied by a separate affidavit by Mercier that he had "* * * read the foregoing and annexed Plea to the Declaration; that he has personal knowledge of those matters set forth therein; that the same are true; and that he is competent to testify thereto."

On this condition of the record a hearing was held before Judge Shure, who granted O'Neill's motion for summary judgment without opinion. Neither party moved for a statement of grounds of decision under Rule 18 c despite our previous admonitions that they do so. *Reeves v. Howar,* 244 Md. 83, 222 A. 2d 697 (1966); *Kennedy v. Foley, etc.,* 244 Md. 39, 222

ment. *White v. Friel,* 210 Md. 274, 123 A. 2d 303 (1956); *Fletcher v. Flournoy,* 198 Md. 53, 81 A. 2d 232 (1951). However, since this point was apparently not raised in the court below we cannot consider it on appeal. *Fishman Const. Co. v. Hansen,* 238 Md. 418, 209 A. 2d 605 (1965); *Guerassio v. American Bankers Corp.,* 236 Md. 500, 204 A. 2d 568 (1964).

A. 2d 623 (1966) and *Houston v. Lloyd's,* 241 Md. 10, 215 A. 2d 192 (1965).

In reviewing the affidavit of Frank J. Schmidt, we note that he swore that Mercier accepted the offer of employment by the Fairchild-Hiller Corporation at a starting salary of $11,700, *more or less,* but failed to appear for work. If we assume, without deciding, that all of the remaining facts presented by O'-Neill's affidavits are true, Schmidt's affidavit is the only competent evidence for a basis upon which the court could establish damages. This at best, would justify a judgment for $1,170, *more or less,* which is scarcely a proper form of judgment.

Schmidt's affidavit shows on its face an issue of fact which must be determined. Since summary judgment cannot be granted where any issue of fact remains undetermined, *Tellez v. Canton Railroad Co.,* 212 Md. 423, 129 A. 2d 809 (1957), the case must be remanded for trial in the normal course.

In view of our holding, we do not reach the other issues raised by appellant.

> *Judgment reversed and case remanded for further proceedings, costs to be paid by the appellee.*