# WYAND ET UX. *v.* PATTERSON AGENCY, INC.

[No. 20, September Term, 1972.]

*Decided October 11, 1972.*

The cause was argued before MURPHY, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Omer T. Kaylor, Jr.,* and *Richard W. Lauricella,* with whom were *Kaylor & Spence* on the brief, for appellants.

*Howard W. Gilbert, Jr.,* with whom were *Mackley, Gilbert & France* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

The appellee, Patterson Agency, Inc., instituted this suit against appellants, Mr. and Mrs. Leo Wyand, in the Circuit Court for Washington County to recover a real estate commission allegedly owed it. At the same time it filed its declaration, appellee included a motion for summary judgment which it attempted to support by an affidavit. Judge Rutledge granted the motion. As this appeal is from the grant of a summary judgment, the record here consists of only those papers filed with the court prior to its entry—the declaration to which was appended an exclusive listing agreement and a contract of sale, the motion for summary judgment with an accompanying affidavit, and appellants' response in opposition and general issue plea. The facts recited herein are garnered from these documents.

The declaration alleges that on November 25, 1970, the appellants granted Patterson a 180-day exclusive agency for the purpose of selling the Wyands' farm. By the terms of the agreement, any sale of the property during this period, with or without the assistance of Patterson, entitled appellee to a 10% commission. It is further averred that within this designated period the Wyands entered into a contract of sale whereby they agreed to sell their farm for $85,000; however, settlement did not take place. In responding, the Wyands state that the buyer was not ready, willing and able to purchase their farm and, therefore, according to a term of the sales contract, they opted to forfeit his $500 deposit and release him from the obligation of buying the property. They further claim that, by an additional contractual provision, their election limited appellee's right of com-

pensation to one-half the forfeited amount after deduction of realtor expenses. In reliance upon this provision, the Wyands allege that they forwarded $125 to Patterson in complete satisfaction of any obligation owed. Appellee acknowledges receipt of the $125 but alleges this is only partial compensation for an earned commission of $8,500 and seeks the balance.

If a grant of summary judgment is to be affirmed, there must be adherence to the controlling Maryland Rules of Procedure, here, specifically Rule 610. Section a, subsection 1 states that a party asserting a claim "may at any time make a motion for a summary judgment". Furthermore, subsection 3 dictates that a motion for summary judgment must be supported by affidavit when, as here, it is filed with the pleading asserting the claim. Section b describes the form to which the affidavit must conform:

> "Supporting and opposing affidavits shall be made on personal knowledge, *shall set forth such facts as would be admissible in evidence,* and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (Emphasis added.)

The appellee attempts to satisfy the affidavit requirement of this rule by filing a statement which in its entirety reads:

> "STATE OF MARYLAND, WASHINGTON COUNTY, to-wit:
>
> I HEREBY CERTIFY, that on this *28th* day of *July,* 1971, before me, a Notary Public in and for the State and County aforesaid, personally appeared Raymond C. Patterson, President of Patterson Agency, Inc. and made oath in due form of law that Leo B. Wyand and Viola M. Wyand, his wife, are justly and truly indebted to Patterson Agency, Inc. in the total amount of Eight Thousand Three Hundred

Seventy-five Dollars ($8,375.00) over and above
all discounts, and at the same time he further
made oath that to the best of his knowledge
and belief the Defendants are not in the military
service of the United States of America; that
the claim is justly due and that no portion of
the claim has been paid to the Plaintiff and
that he has personal knowledge to testify in
regard thereto.

WITNESS my hand and Notarial Seal.

/S/ Mary Anne E. Bauer
Notary Public"

Judge Rutledge initially denied appellee's request for
summary judgment, but at a later date he reversed him-
self and granted Patterson's motion. This appeal fol-
lows with the Wyands contending that the pleadings
did not entitle appellee to summary judgment as there
is a failure to show that the underlying facts are not
disputed. We agree and, therefore, reverse the judgment
and remand the case for further proceedings.

Rule 610 a 3 specifically requires that when a party
chooses, as Patterson did here, to file its motion for
summary judgment with the original pleading or before
an adverse party has an opportunity to initially plead,
it must be supported by an affidavit. The purpose of this
rule is obvious, i.e., to require submission of evidentiary
facts to the court so it can determine if there are fac-
tual issues to be resolved. Under Rule 301 b, the declara-
tion need only contain a brief and concise statement of
facts necessary to constitute a cause of action. It serves
merely as an outline of the suit and its office is to ad-
vise an adverse party of the nature of the claim against
him and enable the court to determine if a cause of ac-
tion is stated that lies within its jurisdiction. Upon this
basic skeleton, further development in the case should
add the muscle and flesh. *Read Drug v. Colwill Constr.,*
250 Md. 406, 243 A. 2d 548 (1968); *Maas v. Maas,* 165
Md. 342, 346, 168 A. 607 (1933). It is anticipated that

the affidavit will augment the allegations made in the declaration by setting forth with particularity and by a person competent to testify "such facts as would be admissible in evidence" which show prima facie that the moving party is entitled to recover as a matter of law. *Brown v. Suburban Cadillac, Inc.,* 260 Md. 251, 272 A. 2d 42 (1971). If these statements are not disputed as to any material fact, judgment will be entered. To serve this function, the affidavit must contain evidentiary facts, not conclusions, and it should be full, certain, and exact. *Foley v. County Commissioners,* 247 Md. 162, 175, 230 A. 2d 298 (1967) ; *Tri-State v. Middleman,* 238 Md. 41, 47, 207 A. 2d 499 (1965) ; *Frush v. Brooks,* 204 Md. 315, 321, 104 A. 2d 624 (1954). This is necessary so that summary judgment procedure may retain its vitality. If general statements or bald assertions were sufficient to obtain a summary judgment the rule would serve no useful purpose. *Cf. Tri-State v. Middleman, supra.* Conversely, if a general denial could be relied on to prevent the granting of summary judgment, a motion for such a judgment would be an exercise in futility since it could always be successfully resisted. For these reasons, an affidavit is required, with the expectation that if it is established that no genuine dispute exists as to material facts the expense and delay caused by more extensive litigation can be avoided.

The affidavit here is so barren of facts to support the claim that it does not add any strength at all to the declaration. It consists only of one bald assertion amounting to a naked legal conclusion that the Wyands are indebted to appellee in the amount of $8,375. Unfortunately for Patterson, the affidavit is devoid of facts which would substantiate such a conclusion. By challenging the sufficiency of the pleadings to entitle Patterson to summary judgment, appellant necessarily presents to us the question of whether the substance of the affidavit authorizes such a judgment. We conclude that it does not. In reaching this determination we are not unmindful of the cases holding that noncompliance in the affidavit with the

rule's requirements as to form cannot be raised for the first time on appeal, and we do not retreat from that position. *See, e.g., Fishman Const. Co. v. Hansen,* 238 Md. 418, 209 A. 2d 605 (1965) ; Rule 885. However, we distinguish between challenges to the mere form of an affidavit, which cannot be raised for the first time in this Court, and those relating to the substantive deficiency of the affidavit in setting forth the facts necessary for a prima facie case, which are properly before us when the entry of summary judgment is challenged. *See Mercier v. O'Neill Associates, Inc.,* 249 Md. 286, 287 N. 1, 239 A. 2d 564 (1968) (affidavit stating matters set forth are true "to the best of his knowledge and belief" is defective in form and substance) ; *Reeves v. Howar,* 244 Md. 83, 222 A. 2d 697 (1966) (affidavit reciting that affiant is "confident to testify" rather than competent to testify is formally defective). To further illustrate this point, Patterson's affidavit here fails to allege that he is competent to testify, a statement clearly required by the rule. If this were the sole basis for the challenge on appeal, as it was not raised at the trial level, we would be compelled to ignore it and affirm the judgment. However, here, the propriety of granting summary judgment is challenged and this necessarily preserves for our consideration the issue of the substance of the affidavit upon which the motion was granted. Patterson's general allegation of a legal conclusion without detailed and precise facts to support it erects no foundation upon which a summary judgment can rest and we, therefore, reverse the judgment entered by the trial court.

> *Judgment reversed and case remanded for further proceedings. Costs to be paid by appellee.*