**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1479**

CHASE HOME FINANCE, LLC,

        Plaintiff – Appellee,

    v.

RAMZI MAALOUF; LAURICE MAALOUF; RITA MAALOUF,

        Defendants – Appellants.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. William Connelly, Magistrate Judge. (8:07-cv-01645-WGC)

Submitted: April 16, 2010         Decided: April 29, 2010

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard S. O'Connor, SHURE, PEREZ AND O'CONNOR, Rockville, Maryland; Joseph J. D'Erasmo, JOSEPH J. D'ERASMO & ASSOCIATES, LLC, Rockville, Maryland, for Appellants. Matthew P. Previn, BUCKLEYSANDLER LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ramzi Maalouf appeals the district court's judgment[1] finding him jointly and severally liable for debts incurred when his wife, Rita Maalouf, wrote checks on a home equity line of credit (HELOC) through Chase Home Finance.[2] He challenges the district court's factual determination that he benefitted from funds received from Chase Home Finance; that he had an appreciation or knowledge of the benefit; and that he accepted or retained the benefit under such circumstances as to make it inequitable for him to retain the benefit without the payment of its value.

We review the district court's findings of fact under the clearly erroneous standard of review, construing the evidence in the light most favorable to the Appellee. Ente Nazionale Per L'Energia Electtrica v. Baliwag Navigation, Inc., 774 F.2d 648, 654 (4th Cir. 1985). Under this deferential standard of review, this court will not overturn a district

---

[1] The parties consented to the exercise of jurisdiction by a magistrate judge, as authorized by 28 U.S.C. § 636(c) (2006).

[2] Although named as a party to the appeal, Laurice Maalouf is not a proper appellant because the district court found in her favor. See Suarez Corp. Indus. v. McGraw, 125 F.3d 222, 228 (4th Cir. 1997). Any claims on the part of Rita Maalouf are waived because they are not addressed in the appellants' brief. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

court's finding of fact "simply because [we] would have decided the case differently." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (internal quotation marks omitted). Rather, this court will only overturn a lower court's finding of fact as clearly erroneous when "'on the entire evidence,'" this court is "'left with the definite and firm conviction that a mistake has been committed.'" Easley, 532 U.S. at 242 (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

We have carefully reviewed the record and conclude that Ramzi Maalouf has not made the requisite showing. As the district court concluded, Ramzi was a beneficiary of the funds drawn on the HELOC by his wife, and the evidence supported a determination that he knew the funds were drawn from the HELOC, and not from some other source. On these facts, we find no clear error in the district court's holding that Ramzi was unjustly enriched, and that he was jointly and severally liable for the disputed funds. See County Comm'rs of Carolina County v. J. Roland Dashiell & Sons, Inc., 747 A.2d 600, 607 n.7 (Md. 2000). Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3