REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 775

September Term, 2014

FRANKLIN T. HOGANS, JR.

v.

HOGANS AGENCY, INC.

Woodward,
Kehoe,
Arthur,

JJ.

Opinion by Woodward, J.

Filed: August 28, 2015

Franklin T. Hogans, Jr., appellant, is a minority shareholder of a Maryland corporation, Hogans Agency, Inc., appellee. In 2014, appellant filed a complaint in the Circuit Court for Kent County, seeking a court order compelling appellee to allow appellant to inspect and copy appellee's books of account. Appellee filed a motion for summary judgment, which the circuit court granted in an order requiring appellant to sign a confidentiality agreement before reviewing the corporation's records.

On appeal, appellant presents three questions, which we have rephrased and condensed into one:[1]

> Did the circuit court err in granting the motion for summary judgment by order requiring appellant to execute a confidentiality agreement before inspecting appellee's books of account?

For the reasons stated below, we shall affirm the judgment of the circuit court.

---

[1] Appellant's questions as originally presented in his brief, are:

1. Did the trial court's granting of the Motion for Summary Judgment meet the requirements of Md. Rule 2-501 on the ground of "that there is no dispute as to any material fact and that the party is entitled to judgment as a matter of law"?

2. In the alternative, did the trial court err in its granting of the Motion for Summary Judgment by requiring that a "confidentiality agreement" be signed prior to Appellant's inspection of the books and records?

3. Does the granting of the Motion set a dangerous precedent?

**FACTUAL BACKGROUND**

The following facts are undisputed:[2] appellant owns 37.5% of stock in appellee, an insurance and real estate brokerage company. Appellant also owns Eshore Realty, LLC, another real estate brokerage company that is a competitor of appellee. On December 19, 2013, appellant sent a letter to appellee requesting inspection of the company records, pursuant to Sections 2-512 and 2-513 of the Corporations and Associations Article. *See* Md. Code (1975, 2014 Repl. Vol.) §§ 2-512 to -513 of the Corporations & Associations Article ("CORP"). On January 2, 2014, appellee responded to appellant's request by providing copies of the company bylaws, minutes of the proceedings of stockholders, an annual statement of affairs for the tax year ending July 31, 2012, and the name, address, and shares of each stockholder. Appellee also agreed to schedule a time for appellant to inspect and copy the books of account, conditioned upon appellant signing a confidentiality agreement that would prohibit appellant from disclosing the information to third parties. Appellant refused to sign the confidentiality agreement.

On February 5, 2014, appellant filed *pro se* a Complaint for Stockholder's Right to Inspect. Appellant's request for relief included that the court order appellee (1) to allow

---

[2] Neither party has filed an affidavit in the proper form as required by Maryland Rules 2-501 and 1-304. *See Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 103 (2000). Therefore, we rely only on those undisputed facts that were properly before the trial judge. *Montgomery v. Remsburg*, 147 Md. App. 564, 576 n.3 (2002) ("[F]acts conceded or stipulated to be true facts are properly considered in ruling on a motion for summary judgment." (citations and internal quotation marks omitted)), *rev'd on other grounds*, 376 Md. 568 (2003).

2

appellant's immediate inspection and copying of appellee's books of account, (2) to allow appellant to use appellee's photocopier free of charge, (3) to pay for a complete audit of company records, and (4) to pay appellant's attorney's fees and costs. On March 7, 2014, appellee filed a motion to dismiss, or in the alternative, motion for summary judgment, and request for hearing, arguing that it was permitted to require appellant to sign a confidentiality agreement "to prevent [appellant] and his agent from disclosing confidential company information collected during the inspection process to third parties, including for use by [appellant] in his competing real estate brokerage business." Appellant filed a response to the motion on March 24, 2014, denying that he sought the information to cause harm to appellee, but rather to investigate a theft from the company by one of appellee's employees in 2013. On April 1, 2014, the circuit court, apparently without a hearing, denied appellee's "Motion to Dismiss."

On April 4, 2014, appellee filed a reply and requested that the court grant its motion for summary judgment. Appellant filed another response, and the matter was scheduled for a hearing. On May 30, 2014, appellant appeared *pro se* and appellee appeared with counsel for a hearing on appellee's motion for summary judgment. At the hearing, appellee informed the court that it did not object to appellant's right to inspect the books of account, but wanted appellant to first sign the confidentiality agreement. Appellee also objected to bearing the cost of an audit or photocopying as requested by appellant, as well as appellant's request for attorney's fees, because appellant was not represented by counsel. Appellant argued that

3

summary judgment would be premature because of the lack of discovery, and that he was not required by law to sign a confidentiality agreement before inspecting appellee's books of account.

At the close of the hearing, the trial court signed an order granting appellee's motion for summary judgment, ordering that (1) appellee permit appellant to inspect company records as authorized by CORP §§ 2-512 and 2-513, (2) appellant sign a confidentiality agreement prior to inspecting the records, (3) the parties share the cost of copying the documents, (4) appellant's request for an audit paid for by appellee be denied unless further warranted after the inspection, and (5) appellant's request for attorney's fees be denied.[3] On June 27, 2014, appellant filed a timely notice of appeal.[4]

## DISCUSSION

We review the decision of a circuit court granting summary judgment *de novo*. *Powell v. Breslin*, 195 Md. App. 340, 345 (2010), *aff'd*, 421 Md. 266 (2011). Maryland Rule 2-501(f) provides that a trial court shall grant a motion for summary judgment "if the motion and response show that there is no genuine dispute as to any material fact and that the [moving] party . . . is entitled to judgment as a matter of law." "Maryland's summary judgment rule makes clear that a trial court determines issues of law; it makes rulings as a

---

[3] Appellant does not make any argument on appeal regarding the circuit court's ruling on the copying cost for the documents, the audit, or the attorney's fees.

[4] Prior to appellant filing the notice of appeal, appellee filed a motion for a protective order, which was granted without a hearing on July 15, 2014.

4

matter of law, resolving no disputed issues of fact.  In this regard, the standard for appellate review of a trial court's grant of a motion for summary judgment is simply whether the trial court was legally correct."  *Hamilton v. Kirson*, 439 Md. 501, 522 (2014) (citations and internal quotation marks omitted).  "As such, . . . we review independently the record to determine whether the parties generated a dispute of material fact and, if not, whether the moving party was entitled to judgment as a matter of law."  *Id.* (citing *Tyler v. City of Coll. Park*, 415 Md. 745, 498-99 (2010)).  We review the record in the light most favorable to the non-moving party.  *Bednar v. Provident Bank of Md., Inc.*, 402 Md. 532, 542 (2007).

Appellant contends that the trial court erred in granting summary judgment, because (1) it was granted prematurely, before appellant had the chance to conduct discovery; (2) there was no evidence that appellant intended to use the right to inspect for "improper or unlawful purposes" or "in bad faith"; and (3) the law does not require that a stockholder sign a confidentiality agreement prior to inspection of the corporation's records.  Appellant argues that "possible competition" between a shareholder and a corporation is not sufficient to deny a stockholder his right of inspection.

Appellee responds that the trial court did not err in granting summary judgment, because appellant failed to identify any material facts in dispute.  Moreover, appellee argues, it is entitled to summary judgment as a matter of law, because requiring a confidentiality agreement "is an acceptable prophylactic measure that does not infringe on Appellant's right of inspection or to use the information he discovers to protect his shareholder interests, but

5

protects Appellee from misuse of the information by dissemination to third parties."

We do not believe that the trial court's grant of summary judgment was premature. Appellant contends that he needed additional time for discovery, but he has not identified, either in the trial court or on appeal, what discovery he needed. Appellant also did not ask the court for additional time to conduct discovery before or at the hearing on the motion for summary judgment. Rather, appellant responded to appellee's request for a hearing "that such a hearing is unnecessary."

Appellant also failed to raise a genuine dispute of material fact. The only fact that appellant disputes on appeal is whether he intended to use the right to inspect for "improper or unlawful purposes" or "in bad faith." This fact is not material to the case. "A material fact is a fact the resolution of which will somehow affect the outcome of the case. Consequently, a dispute over a non-material fact will not preclude summary judgment." *King v. Bankerd*, 303 Md. 98, 111 (1985) (citation omitted). As we shall explain, a trial court may grant a corporation's request for a stockholder who is a direct competitor of the corporation to sign a confidentiality agreement before inspecting the corporations books of account. Appellant's actual intent in using the information is irrelevant. Moreover, appellant did not file a legally sufficient affidavit raising a dispute of material facts, because the affidavit filed was based upon appellant's "knowledge, information and belief." *See Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 103 (2000) (stating that "affidavits that are based on 'the best of one's knowledge, information, and belief,' or

similar attestation, are insufficient to support a motion for summary judgment or an answer in opposition to such motion").

Finally, we determine whether appellee was entitled to judgment as a matter of law. The primary dispute in this case is whether a stockholder may be required to sign a confidentiality agreement prior to allowing inspection of a corporation's books of account pursuant to CORP §§ 2-512 and 2-513. Appellant contends that "possible competition" between a shareholder and a corporation is not sufficient to deny a stockholder his right of inspection. We disagree and shall explain.

CORP § 2-512 provides for the inspection of corporate documents by any shareholder:

> (a)    Any stockholder, holder of a voting trust certificate in a corporation, or his agent, on written request, may inspect and copy during usual business hours any of the following corporate documents:
>
> > (1)    Bylaws;
> >
> > (2)    Minutes of the proceedings of the stockholders;
> >
> > (3)    Annual statements of affairs; and
> >
> > (4)    Voting trust agreements deposited with the corporation at the corporation's principal office in accordance with § 2-510(2) of this subtitle.
>
> (b)    Within 7 days after a request for documents made under subsection (a) of this section is presented to an officer or the resident agent of a corporation, the corporation shall have the requested documents available on file at its principal office.

7

(c)  (1)  Any stockholder or holder of a voting trust certificate in a corporation other than an open-ended investment company may present to any officer or resident agent of the corporation a written request for a statement showing all stock and securities issued by the corporation during a specified period of not more than 12 months before the date of the request.

(2)  Within 20 days after a request is made under this subsection, the corporation shall prepare and have available on file at its principal office a sworn statement of its president or treasurer or one of its vice-presidents or assistant treasurers which states:

(i)  The number of shares or amounts of each class of stock or other securities issued during the specified period;

(ii)  The consideration received per share or unit, which may be aggregated as to all issuances for the same consideration per share or unit; and

(iii)  The value of any consideration other than money as set in a resolution of the board of directors.

CORP § 2-513 provides for the inspection of corporate documents by a shareholder who has owned at least five percent of stock for at least six months. It provides:

(a)  **One or more persons who together are and for at least six**

8

**months have been stockholders of record or holders of voting trust certificates of at least 5 percent of the outstanding stock of any class of a corporation may:**

(1)	**In person or by agent, on written request, inspect and copy during usual business hours the corporation's books of account and its stock ledger**;

(2)	Present to any officer or resident agent of the corporation a written request for a statement of its affairs; and

(3)	In the case of any corporation which does not maintain the original or a duplicate stock ledger at its principal office, present to any officer or resident agent of the corporation a written request for a list of its stockholders.

(b)	Within 20 days after a request for information is made under subsection (a) of this section, the corporation shall prepare and have available on file at its principal office:

(1)	In the case of a request for a statement of affairs, a statement verified under oath by its president or treasurer or one of its vice-presidents or assistant treasurers which sets forth in reasonable detail the corporation's assets and liabilities as of a reasonably current date; and

(2)	In the case of a request for a list of stockholders, a list verified under oath by one of its officers or its stock transfer agent or registrar which sets forth the name and address of each stockholder and the number of shares of each class which the stockholder holds.

CORP § 2-513 (emphasis added).

The two leading Maryland cases on a stockholder's right to inspection are

9

*Weihenmayer v. Bitner*, 88 Md. 325 (1898), and *Wight v. Heublein*, 111 Md. 649 (1910). In *Weihenmayer*, a shareholder in a Maryland corporation filed a petition for a writ of mandamus against the corporation's secretary, asserting that he had a right to inspect the accounts of the corporation and that the secretary had refused his request to do so. 88 Md. at 331. The Court of Appeals, considering a predecessor statute to CORP § 2-513, observed that "[t]he right is given to him as a stockholder by statute, and is absolute, and not made to depend upon any circumstances but the ownership of the stock," even where it was alleged that the stockholder sought the information for use "in the conduct of his own business to the injury and loss of the said corporation." *Id.* at 333. In such case, the Court observed, "the petitioner's right would not be forfeited." *Id.* The Court, however, set forth a condition on the enforcement of such absolute right: "It is easy to see that there might be good reasons for refusing an application, for instance, if it were made for some evil, improper, or unlawful purpose. And, if such purpose were alleged and proved, the writ would be denied." *Id.*

Twelve years later, in *Wight*, the Court again considered the issue of a stockholder's rights to inspect, describing the "general rule, that, where a stockholder is given the right by statute to inspect the books of a corporation, the courts will enforce and grant this statutory right, by mandamus, to a stockholder who seeks information for proper and legitimate purposes." 111 Md. at 657. In support of this rule, the Court appeared to broaden the condition imposed on the enforcement of such right by stating:

> "It does not follow that the court will compel the inspection of the books under all circumstances. **In issuing the writ of mandamus,**

10

**the court will exercise a sound discretion and grant the right under proper safeguards to protect the interests of all concerned.** The writ should not be granted for speculative purposes or to gratify idle curiosity or to aid a blackmailer, but it may not be denied to the stockholder who seeks the information for legitimate purposes."

*Id.* at 658 (emphasis added) (quoting *Guthrie v. Harkness*, 199 U.S. 148, 156 (1905)).

In his treatise on Maryland corporation law, James J. Hanks, Jr., sought to reconcile the Court's rulings in *Weihenmayer* and *Wight*:

It is difficult to reconcile the *Weihenmayer* and *Wight* cases. The correct law on this subject is that **a five-percent, six-month stockholder is entitled to inspect the "books of account"** of a Maryland corporation for any purpose related to monitoring or protecting his equity investment in the corporation **but not for any other purpose, such as competing with the corporation.** This rule allows broad access to corporate documents and information, perhaps even in a situation in which the stockholder has an additional purpose not related to his investment. **A corporation may take reasonable measures, such as requiring the requesting stockholder to sign a confidentiality agreement, to protect the corporation against disclosure and misuse of confidential documents and information by the stockholder.**

James J. Hanks, Jr., <u>Maryland Corporation Law</u> § 7.18 (2014 supp.) (emphasis added). We agree with this interpretation of Maryland caselaw. The Court of Appeals in the later case of *Wight* acknowledged the right of the stockholder to inspect the books of account, limited only by the corporation's right to protect itself. "[T]he court will exercise a sound discretion and grant the right under proper safeguards to *protect the interests of all concerned*." 111 Md. at 658 (citations and internal quotations marks omitted) (emphasis added).

In the instant case, it is undisputed that appellant is both a stockholder entitled to

inspect appellee's books of account, as well as the owner of a competing company. In requiring appellant to sign the confidentiality agreement before inspecting appellee's books and records, the trial court explained:

> My ruling is based on a reasonable interpretation of the statute. And that is I cannot let a stockholder go into a company just because they own more than 5 percent of the stock and take the confidential records and books to a competing company. Not gonna let it happen.

We agree with the trial court's "exercise [of] sound discretion" in requiring that appellant sign a confidentiality agreement.[5] *See Wight*, 111 Md. at 658; Hanks, *supra*, § 7.18. A corporation may not deny a stockholder the right to inspect the books of account, as provided in CORP § 2-513. A corporation may, however, require the stockholder to sign a confidentiality agreement where the confidentiality agreement and its terms advance the purpose of "protect[ing] the corporation against disclosure and misuse of confidential documents and information by the stockholder." *See* Hanks, *supra*, § 7.18. Here, the confidentiality agreement advances that purpose, because the requesting stockholder is also the owner of a company that is in competition with the corporation.

**JUDGMENT OF THE CIRCUIT COURT FOR KENT COUNTY AFFIRMED; APPELLANT TO PAY COSTS.**

---

[5] Appellant does not raise an issue regarding the reasonableness of any particular term of the confidentiality agreement that appellee wanted him to sign. According to appellant, the central point of his complaint "is the 'confidentiality agreement' condition placed on the right to inspect."

12