# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2025

Lyle W. Cayce
Clerk

No. 25-60226
Summary Calendar

———————————

Sims Agency, L.L.C.,

*Plaintiff—Appellant*,

*versus*

Government Employees Insurance Company; Geico Insurance Agency, Incorporated; John Does 1-5,

*Defendants—Appellees*.

———————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CV-2

———————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

This is a contract dispute regarding an insurance agent's entitlement to renewal commissions generated after the contract with its principal terminated. The district court dismissed the case on summary judgment,

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60226

holding that the agent has no right to such commissions under its contract. On de novo review of this decision, we AFFIRM. [1]

## I.

Between 2016 and 2021, Plaintiff-Appellant Sims Agency, L.L.C. (Sims) sold insurance as an agent of Defendant-Appellees, Government Employees Insurance Company and its affiliate GEICO Insurance Agency (collectively, GEICO). Sims operated as a "captive" agent of GEICO, that is, Sims only sold policies issued by GEICO and its partners. Sims performed its duties pursuant to two successive contracts: a 2016 Agreement and a superseding 2020 Agreement. The 2020 Agreement is the operative contract in this case.

The 2020 Agreement provided that GEICO would pay Sims commissions on insurance policies that Sims sold. The rates were set by "commission schedules," which were incorporated into the contract by reference. The schedules specified rates for various types of sale, such as "new business," "reissue," and "renewals."

The 2020 Agreement also describes the parties' rights at "termination" of the contract. For example, it explains that upon termination, GEICO would withhold Sims's "final commission check" for six months to finish accounting the final amount owed. Under its "general provisions," the 2020 Agreement also includes a "survival clause," which states in part that "those provisions of this Agreement that logically should survive its termination in order to accomplish its fundamental purposes will

---

[1] "We review an order on summary judgment de novo, applying the same standard as applicable to the district court." *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 397 (5th Cir. 2010).

do so." However, the contract contains no language expressly entitling Sims to commissions on policy renewals after its termination.

Effective August 13, 2021, GEICO terminated its agency relationship with Sims. Subsequently, insureds who had originally purchased their policies through Sims renewed directly with GEICO. Sims thereafter sued, alleging that GEICO owes approximately $1.9 million in commissions for these post-termination renewals. Sims originally filed in Mississippi state court, asserting claims for renewal commissions and unjust enrichment. GEICO removed the case to federal district court based on diversity jurisdiction.[2]

Ultimately, the district court granted summary judgment for GEICO. The court applied Maryland law pursuant to a choice-of-law clause in the 2020 Agreement. First, the court held that renewal commissions were not due because no "express language" in the 2020 Agreement granted Sims such commissions. Second, the court found that the express contract between the parties precluded the "backdoor remedy" of unjust enrichment. Sims timely appealed.

## II.

Sims first challenges the district court's finding that Sims is not entitled to post-termination renewal commissions by the terms of the 2020 Agreement. Under Maryland law, a captive insurance agent's "right to renewal commissions must be granted by the language of the agency contract."[3] Thus, "[i]n the absence of a provision in the agreement providing

---

[2] Sims is a limited liability company, the sole member of which is William H. Sims III, a citizen of Mississippi. Government Employees Insurance Company is a citizen of Nebraska and Maryland; GEICO Insurance Agency is a citizen of Maryland.

[3] *See Travelers Indem. Co. v. Merling*, 605 A.2d 83, 86 n.5 (Md. 1992).

No. 25-60226

continued payment of renewal commissions after termination, an agent has no right to such commissions."[4] This law is dispositive: the 2020 Agreement simply contains no provision entitling Sims to post-termination commissions, meaning that such commissions are not due under Maryland law.

Nevertheless, Sims contends that a right to these commissions can be salvaged in the text of the contract. Sims points to the survival clause, which states that "provisions of th[e] Agreement that should logically survive its termination in order to accomplish its fundamental purpose will do so." Because earning commissions was a "fundamental purpose" of the contract, Sims avers that the specific pay rates for renewals laid out in the commission schedules are "provisions" that must "logically survive termination."

Sims's argument fails because the survival clause is too generic to qualify as the express contractual grant of post-termination commission rights required by Maryland law.[5] Moreover, other language in the contract suggests that post-termination renewal commissions are *not* available. Specifically, the 2020 Agreement states that in case of termination, GEICO would withhold Sims's "final commission check" for six months to perform a final accounting. This procedure, with its emphasis on finality, does not contemplate that Sims would receive subsequent commission checks for post-termination renewals. We thus agree with the district court's conclusion that the 2020 Agreement does not entitle Sims to post-termination renewal commissions.[6]

---

[4] *Id.*

[5] *Id.*

[6] Sims also contends that the district court's decision must be vacated because Sims was denied the opportunity to conduct additional discovery beyond the four corners

No. 25-60226

III.

Next, Sims challenges the district court's dismissal of his alternative unjust enrichment theory. The district court explained that "a claim for unjust enrichment may not be brought where the subject matter of the claim is covered by an express contract between the parties."[7] And, the court found that the 2020 Agreement constitutes such an "express contract."

Sims concedes that express contracts generally prohibit parallel unjust enrichment claims. However, it observes that in *County Commissions of Caroline County v. J. Roland Dashiell & Sons, Inc.*, Maryland's highest court identified exceptions to this rule in cases of fraud, bad faith, recission, or where the contract "does not fully address a subject matter."[8] Sims focuses on this last exception. It argues that if the 2020 Agreement is read as silent on post-termination commissions, then the contract does not "fully address" this subject and unjust enrichment is therefore available.

Sims's reliance on this *Dashiell* exception is misplaced. Notably, several recent Maryland decisions have emphasized the extremely "narrow" nature of the *Dashiell* exceptions,[9] and no Maryland court has applied the

_____

of the contract. However, Sims fails to explain how any of this extratextual evidence could overcome the lack of the post-termination renewal provision required under Maryland law.

[7] *Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 607 (Md. 2000).

[8] *Id.*

[9] *AAC HP Realty, LLC v. Bubba Gump Shrimp Co. Rests.*, 219 A.3d 99, 105 (Md. Ct. Spec. App. 2019) ("No reported decision applying Maryland law has ever upheld a judgment based on any of these [*Dashiell*] exceptions."); *AXE Props. & Mgmt., LLC v. Merriman*, 311 A.3d 376, 395 (Md. App. Ct. 2024) (observing the same and emphasizing the undeveloped nature of the exceptions).

No. 25-60226

exception as Sims urges.[10] Moreover, we find that the 2020 Agreement "fully address[es]"[11] the parties' rights at termination by including provisions regarding the return of property and GEICO's retention of Sims's final commission check until a final accounting. A right to post-termination commissions is simply not listed among these rights upon termination, an omission that Maryland law deems conclusive on the issue.[12]

Finally, even if unjust enrichment were available, Sims does not adequately explain *why* GEICO's failure to pay commissions for policies renewed after Sims's termination is truly "unjust" as Maryland law requires.[13] Sims's only argument is that it sold policies with the "expectation of receiving renewal commissions in future years, as set forth in the parties' contract." But as explained, the 2020 Agreement does *not* grant Sims a right to commissions in future, post-termination years. Rather, the contract

---

[10] This court, in its own research, has identified only one case in which the exception was successfully used: *Martz v. Day Development Co.,* 35 F.4th 220 (4th Cir. 2022). There, a federal court applying Maryland law allowed the plaintiff to use unjust enrichment where the parties' contract did not explain how the plaintiff's pay rate would be calculated under the unforeseen circumstances that arose. *Id.* The court found that this missing information created a "gap in the agreements" such as to require an unjust enrichment remedy. *Id.* Here, Sims does not identify any analogous "gap" in the 2020 Agreement.

[11] *See Dashiell*, 747 A.2d at 607.

[12] *See Merling*, 605 A.2d at 86 n.5.

[13] *See Richard F. Kline, Inc. v. Signet Bank/Maryland*, 651 A.2d 442, 444 (Md. Ct. Spec. App. 1995) ("Unjust enrichment is defined as the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience.").

contemplates that Sims would be paid for sales and renewals that it secured during the existence of its agency, as indeed occurred.

The judgment of the district court is AFFIRMED.